Parker C. J.
delivered the opinion of the Court. -The question is, whether the Court of Common Pleas had jurisdiction of the offence, in regard to which the defendant is alleged to have committed the crime of perjury ; if it had not jurisdiction, the whole matter was coram non judice, and therefore no oath could be lawfully administered.
By St. 1785, c. 28, this offence was to be prosecuted by a complaint before a justice of the peace ; so that under that statute, the Court of Sessions, or its successor, the Court of Common Pleas, had no original jurisdiction. But by St. 1800, c. 57, §4, it. is provided, “ that all penalties and forfeitures given or limited by any act of this Commonwealth, in whole or in part, to the use of this Commonwealth, may be recovered by indictment in any court proper to try the same.”
By St. 1785, c. 28, which creates the offence in regard to which the defendant testified before the grand jury, the whole penalty was given to the Commonwealth ; so that this case comes clearly within the words of St. 1800, c. 57, § 4. The only question therefore is, whether the Court of Common Pleas was the proper court for the trial of the offence. As general authority was given to the Court of Sessions to try all misdemeanors for which the punishment was fine or imprisonment, and all the powers of the Court of Sessions in criminal matters are transferred to the Court of Common Pleas, the authority of the latter court is unquestionable.

Motion overruled.